# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BILLY THORNTON, JR.,
ADC #89174                                                                                          PLAINTIFF

v.                                      5:11-cv-00066-JLH-JTK

MARVIN EVANS, JR., et al.                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District
     Judge (if such a hearing is granted) was not offered at the
     hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Thornton, a state inmate confined at the Maximum Security Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging Defendants violated his due process and access to the courts rights by confiscating from his cell law books which he used in litigating a separate action in this court, Thornton v. Harmon, 5:09-cv-00110-BSM-JTR.  Plaintiff claims that the confiscation of the books caused him to lose his case, and asks for monetary and injunctive relief from Defendants.

### II.   Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

    **A.**    **Defendants' Motion**

Defendants state Plaintiff's Complaint against them should be dismissed for two reasons. First, Plaintiff filed a claim before the Arkansas Claims Commission in which he sought damages for the law books allegedly confiscated by Defendants. (See Doc. No. 31-1.) Plaintiff's claim was unanimously denied and dismissed on March 4, 2011. Id. Since Plaintiff's claim was actually litigated in that forum, Defendants state the present claim for relief should be dismissed as barred by collateral estoppel, citing Steffen v. Housewright, 665 F.2d 245, 246 (8th Cir. 1981).

Second, Defendants state that any claim for denial of access to the courts should be dismissed, because Plaintiff can not prove that the deprivation of the law books was the cause for the dismissal of the other pending lawsuit. Defendants note that in Thornton v. Harmon, the defendants filed a summary judgment motion on December 2, 2009, and Plaintiff filed his response on December 18, 2009. (Doc. No. 31-2.) Plaintiff's law books were confiscated on January 21, 2010, after he filed his response. When Plaintiff filed objections to the Magistrate's recommendation of dismissal in Thornton v. Harmon, he did not claim he could not adequately

prepare his objections due to the absence of necessary legal materials. (Doc. No. 31-2, # 59.) Defendants also state Plaintiff later filed an appeal to the Eighth Circuit Court of Appeals and a petition for writ of certiorari with the United States Supreme Court. (Id., ##63, 73.) Therefore, Defendants state Plaintiff can not show that they actually impeded his access to the court, as set forth in Lewis v. Casey, 518 U.S. 343, 349 (1996). Defendants also state Plaintiff does not specify which confiscated books were essential to litigating his prior case.

### B. Plaintiff's Response

Plaintiff states Defendants fraudulently and incorrectly assert the absence of a material dispute of fact in this case. He also claims that the fact that he previously pursued the property claim before the Claims Commission should not foreclose his present claim that Defendants' confiscation caused the dismissal of his other lawsuit. Plaintiff alleges Defendants conspired to deprive him of his legal materials and he asks for additional discovery and the appointment of counsel to assist him in proving his case.

### C. Analysis

#### 1. Due Process - Property

When a state actor deprives an individual of personal property, the individual can not file a § 1983 claim for the value of the property if state law provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). In Arkansas, the action of conversion is a common law tort action for the wrongful possession or disposition of someone's property. McQuillian v. Mercedes-Benz Credit Corp., 331 Ark. 242, 247, 961 S.W.2d 729 (Ark. 1998). See also Scott v. Boyd, No. 3:08cv00136WRW, 2008 WL 4874058 (E.D.Ark. 2008), where the plaintiff inmate sued defendants for damages in a § 1983 action, for property that was lost or stolen while he was

incarcerated at the Crittenden County Jail. The Court held that the loss of the inmate's property was not an actionable constitutional claim, given the availability of state post-deprivation remedies.

Furthermore, as set forth by Defendants, a claim litigated before the Claims Commission can not be re-litigated in this court.  See Steffen v. Housewright, 665 F.2d at 247.  In this case, Plaintiff does not dispute that he filed a claim with the Arkansas Claims Commission to recover $499.62 for the value of the law books and other items confiscated from his cell on January 21, 2010. (Doc. No. 31-1.) He also does not dispute that this claim was fully litigated and that it ultimately was denied. Id.  Therefore, pursuant to Steffen v. Housewright, any claim against Defendants for denial of due process and reimbursement of the confiscated property must fail.

### 2. Access to the Courts

In addition, Plaintiff fails to support a claim for denial of access to the courts, because he can not prove that the deprivation of his legal materials resulted in any actual injury.  In Lewis v. Casey, 518 U.S. at 357, the court stated that an inmate alleging a denial of this constitutional right must show "actual injury."  In this case, Plaintiff claims that the confiscation caused dismissal of his other lawsuit. However, he does not dispute that the dismissal decision in that case was based on a motion and Plaintiff's response which both were filed **prior** to the confiscation of his law books.  He also does not claim that he was denied access to his Unit's law library or to the use of other materials which could have aided him in pursuing his claims.  Therefore, the Court finds Defendants are entitled to judgment as a matter of law as to this claim, and that further discovery or the appointment of counsel for the Plaintiff would not change this result.

**III.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 30) be GRANTED.

2.    Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 11th day of August, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE